UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DONA JORDAN,**

    **Plaintiff,**

                            **CASE NO.:**

v.

**ISLAND MARKET OF CLEARWATER
L.L.C. d/b/a THE MARKET AT ISLAND
ESTATES, WATER DESIGN LLC,
WATERWORKS ATLANTA, INC.,
and CRAIG BLEAKLEY, an individual,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DONA JORDAN ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, ISLAND MARKET OF CLEARWATER L.L.C. d/b/a THE MARKET AT ISLAND ESTATES, WATER DESIGN LLC, WATERWORKS ATLANTA, INC., and CRAIG BLEALEY, an individual, ("Defendants"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

## PARTIES

4. Plaintiff is a resident of Brevard County, Florida.

5. Defendant Market, Defendant Water Design, and Defendant Waterworks operate a convenience store in Clearwater, in Pinellas County, Florida.

6. Defendant Bleakley owns Defendant Market, Defendant Water Design, and Defendant Waterworks.

## GENERAL ALLEGATIONS

7. Plaintiff has satisfied all conditions precedent, or they have been waived.

8. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiff requests a jury trial for all issues so triable.

10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

12. At all times material hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendants continue to be "employers" within the meaning of the FLSA.

14. At all times material hereto, Defendants were and continue to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

16. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendants.

17. Defendant is the owner and operator of Defendant Market, Defendant Water Design, and Defendant Waterworks.

18. As part of his duties, Defendant Bleakley supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant Bleakley also controlled the payroll practices of Defendant Market, Defendant Water Design, and Defendant Waterworks.

19. Through the exercise of dominion and control over all employee-related matters at Defendant Market, Defendant Water Design, and Defendant Waterworks, Defendant Bleakley in his individual capacity is also an "employer" within the meaning of the FLSA.

## **FACTS**

20. Plaintiff began working for Defendants in May 2019, and she worked in this capacity until April 2021.

21. At all times material hereto, Plaintiff worked hours at the direction of Defendants, and Plaintiff was not paid a minimum wage for all of the hours that she worked.

22. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and she was entitled to be compensated for all of her overtime hours at a rate equal to one and one-half times her regular hourly rate.

23. For around eight to ten months, Plaintiff worked over sixty (60) hours a week, and was never paid an overtime premium for those hours.

24. Defendants failed to pay Plaintiff an overtime premium for all of her overtime hours, in violation of the FLSA.

25. In exchange for Plaintiff's services, Defendants agreed to pay Plaintiff an hourly salary of ten dollars ($10.00).

26. Defendants failed to pay Plaintiff all wages owed to her, including her last paycheck.

27. Plaintiff's unpaid wages constitute "wages" under Florida common law and Fla. Stat. Section 448.08.

28. Defendants' failure to pay Plaintiff all of her wages was willful.

29. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## **COUNT I – FLSA MINIMUM WAGE VIOLATION**

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

31. During the statutory period, Plaintiff worked for Defendants, and she was not paid a minimum wage for the hours that she worked, as mandated by the FLSA.

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

33. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b) Judgment against Defendants, stating that Defendant's violations of the FLSA were willful;

    c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment stating that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

  f) All costs and attorney's fees incurred in prosecuting these claims; and

  g) For such further relief as this Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATION

34. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

35. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and she was not compensated for all of these hours in accordance with the FLSA.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

  a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

  b) Judgment against Defendants, stating that Defendant's violations of the FLSA were willful;

  c) An amount equal to Plaintiff's overtime damages as liquidated damages;

  d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

  e)  A declaratory judgment stating that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

  f)  All costs and attorney's fees incurred in prosecuting these claims; and

  g)  For such further relief as this Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

39. Plaintiff worked for Defendants during the statutory period, and Defendants agreed to pay Plaintiff for her services.

40. Defendants failed to pay Plaintiff all "wages" owed to her.

41. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

  a)  A jury trial on all issues so triable;

  b)  That process issue and that this Court take jurisdiction over the case;

  c)  Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages;

  d)  All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

  e)  For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 11th day of September, 2021.

>
> Respectfully submitted,
>
> *[signature]*
>
> _____
> **LUIS A. CABASSA**
> Florida Bar Number: 0053643
> **WENZEL FENTON CABASSA, P.A.**
> 1110 N. Florida Avenue, Suite 300
> Tampa, Florida 33602
> Main Number: 813-224-0431
> Direct Dial: (813) 379-2565
> Facsimile: 813-229-8712
> Email: lcabassa@wfclaw.com
> Email: gnichols@wfclaw.com
> **Attorneys for Plaintiff**